**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

METROPOLITAN LIFE INSURANCE CO.,

Plaintiffs,

v. Civil No. 01-1000 WJ/KBM

SHAUN Q. GARRISON-SHIELDS, MITTIE G. GARRISON as Personal Representative of the ESTATE OF LINDA N. GARRISON and LAS CRUCES THIRD WARD,

Defendants,

and

SEAN Q. GARRISON, a/k/a/ SHAUN Q. GARRISON-SHIELDS,

Third Party Plaintiff,

v.

DR. FRANCIS CAMPBELL, a/k/a/ Francis Overton, EARL PRICE, MARTHA PRICE, MARION POMEROY, JUDY SNOW and EAST LOHMAN VETERINARY CLINIC,

Third Party Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court upon a Motion for Summary Judgment filed by Third Party Defendants Earl Price, Martha Price, Marion Pomeroy and East Lohman Veterinary Clinic ("Defendants" for purposes of this motion), filed October 17, 2002 **(Doc. 36)**. The motion is denied.

## Background

Five years prior to her death in May 2000, Linda Garrison designated certain individuals, now Third Party Defendants in this case, as beneficiaries to receive a share of the proceeds from a Federal Employees Group Life Insurance ("FEGLI") insurance policy under which she was covered at the time of her death.[1] Linda Garrison's son Sean Garrison (Third Party Plaintiff in this suit) and mother Mittie Garrison (a Defendant), who are not beneficiaries to the FEGLI Policy, are contesting the beneficiary designation, raising issues of competency and possible forgery. Metropolitan Life ("MetLife") has filed this interpleader action to determine to whom proceeds from the FEGLI policy should be paid.

In December 1990, Linda Garrison's parents, Mittie Garrison and Quention Garrison, were appointed guardians and conservators of their grandson Sean in a state court proceeding. In mid to late1995, Mittie and Quention Garrison petitioned the court for a modification of Linda's visitation rights of her son. Linda Garrison represented herself *pro se* in these proceedings. In the instant motion, Defendants contend that Sean Garrison should be estopped from claiming that Linda Garrison was incompetent to designate beneficiaries on the basis that Linda Garrison was "treated" as competent and capable of proceeding *pro se* in those state court matters.

## Discussion

The Court's first reaction to this motion is that it was filed four months late, and less than

---

[1] All but two of these individuals (Campbell and Snow) join in the filing of the instant motion. Defendant Las Cruces Third Ward filed a separate "response" which actually seeks to adopt the Third Party Defendants' Motion for Summary Judgment. MetLife has paid all the beneficiaries their portions of the proceeds, with the exception of Las Cruces Third Ward, which was notified by MetLife that it was to receive a share, but has not yet made a claim to the designated proceeds. At the time of Linda Garrison's death, the policy proceeds totaled approximately $192,000.

two months before trial (Doc. 34, Notice of Trial set for December 9, 2002)[2] -- justifying a summary denial of the motion. Chambers subsequently learned that the Third Party Defendants were under the impression that because they entered the case later, the scheduling deadlines did not apply to them.[3] The Third Party Defendants filed an Answer on May 23, 2002 (Doc 30), approximately one month before the dispositive motion deadline expired. However, the court docket does not indicate that these Defendants ever sought an extension of any of the court-ordered deadlines set in the case.

Whether the disregard of the June 20th motion-filing date was an attempt to circumvent court-imposed deadlines or attorney oversight, I am inclined not to give the motion further attention for either reason. Further, Defendant Las Cruces Third Ward ("Third Ward") filed a pleading on November 15, 2002 (Doc. 40 & 41) self-styled as a "Response" but which is essentially a motion to join in the summary judgment motion filed by the Third Party Defendants. Third Ward entered its appearance on November 30, 2001 (Doc. 3), two months before the Initial Pretrial Report was filed, and thus was fully aware that its time for filing motions had come and gone.

However, in reviewing the motion, I have also determined that it should be denied on its merits as well. Parties have not made clear whether New Mexico applies in this case. The Tenth Circuit does not recognize the doctrine of judicial estoppel. United States v. 49.01 Acres of Land, 802 F.2d 387 (10th Cir. 1986) (citation omitted). Even if I was to consider Defendants' estoppel argument, the cases on which Defendants rely and which consider estoppel do not fit the factual

---

[2] The Initial Pre-Trial Report indicates that the motion filing deadline expired June 20, 2002. Doc. 17. No response to the motion was filed.

[3] Chambers staff obtained this information by phone inquiry to an employee of counsel representing the Third Party Defendants.

contours of this case.[4] Further, it does not necessarily follow that competency issues implied within self-representation at a proceeding on visitation rights are the same ones that arise in the present litigation concerning Linda Garrison's designation of beneficiaries for the FEGLI policy. Diaz v. Salazar, 924 F.Supp. 1088 (D.N.M. 1996) (applying New Mexico law and finding that estoppel is an equitable doctrine to be employed at the discretion of the trial court).

**THEREFORE,**

**IT IS ORDERED** that the Motion for Summary Judgment filed by Third Party Defendants **(Doc. 36)** is hereby DENIED.

UNITED STATES DISTRICT JUDGE

[4] Under New Mexico law, a party may be estopped from assuming a position contrary to one he has taken previously in a legal proceeding and on which he has succeeded, especially where it works to the prejudice of the party who has acquiesced in the position formerly taken. Dell v. Heard, 532 F.2d 1330, 1333 (10th Cir. 1976). Linda Garrison's competency was not an issue in the custody and visitation proceedings, and was not part of a position assumed by Sean Garrison, who was a minor during those proceedings and whose grandparents were acting on his behalf.